R. H. CLARK ET AL. v. WM. M. RICE INSTITUTE FOR THE ADVANCEMENT OF LITERATURE, SCIENCE AND ART.

Decided May 27, 1907.

**1.—Judgment—Sheriff's Deed—Variance.**

Where a sheriff's deed. recited that the sale was made by virtue of an execution issued out of the District Court and that the judgment bore eight percent interest, evidence of a judgment in the County Court bearing ten percent interest is properly admitted when said judgment as to dates, amounts, parties, etc., is identical with the judgment described in the sheriff's deed, and when it is shown that no such judgment was rendered in the District Court, that the papers in the case were lost, and that there was no County Court execution docket or execution to be found.

**2.—Sheriff's Deed—Description.**

Where the land sued for, 321 acres, was a part of a tract of 554 acres

which was itself carved out of the N. E. corner of a league, and a sheriff's deed to the land in controversy described it as follows: "354.4 acres of land, the same being pointed out to me by C., defendant, as his own property and a part of the headright of the L. league and being situated in the County and State aforesaid, and described as follows, to wit: Commencing at the N. E. corner of said survey, and thence running west to a point sufficient by running thence south to the south boundary of said survey, by thence running east to the southeast corner of said survey, from thence north to the place of beginning, so the said survey shall contain 354.4 acres of land . . . and for further description see the records of the county of Jasper," held, when construed in connection with extrinsic evidence, that the terms in said deed, "N. E. corner of said survey," "south line of said survey," "S. E. corner of said survey" must be referred to the lines and corners of the 554 acre tract and not of the league.

### 3.—Description in Deed—Reference to Records.

While it has been held that a general reference in a deed to the records of the county for description is insufficient, still when the description is ambiguous, and the deed recites that the land was pointed out by the grantor as his property and the records show but one deed to the grantor it is not error to consider the record in aid of the description in the deed.

Appeal from the District Court of Jasper County. Tried below before Hon. W. B. Powell.

*W. W. Blake* and *Roi Blake,* for appellants.—A sheriff's deed is inadmissible in evidence without the production of the judgment and execution that authorized the sheriff to sell, or showing outside of the recitals in the deed that such judgment and execution once existed and their loss or destruction, and no lapse of time will authorize the presumption of their existence. Tucker v. Murphy, 66 Texas, 359; French v. McGinnis, 69 Texas, 19; House v. Brent, 69 Texas, 30; Terrell v. Martin, 64 Texas, 121; White v. Jones, 67 Texas, 638; Bermea Land & L. Co. v. Adoue, 50 S. W. Rep., 134; Beze v. Calvert, 2 Texas Civ. App., 209; Stipe v. Shirley, 64 S. W. Rep., 1012.

The court erred in his third conclusion of law, in that he applies the rules applicable to voluntary sales to a forced sale, and states a disputed premise as admitted. That is, that the form of the survey as described in the deed is a rectangle. Collins v. Ball, 82 Texas, 267; Watts v. Howard, 77 Texas, 72; Davidson v. Pickard, 56 S. W. Rep., 608; 12 Am. & Eng. Enc. Law, pp. 221, 225, 229. (1st ed.) ; Brown v. Chambers, 63 Texas 134.

A reference by a sheriff in his conveyance under execution, to another instrument for description of the premises sold, must point out the particular instrument, and state where it can be found. A general reference to the county records is insufficient. Brown v. Chambers, 63 Texas, 135; Cassidy v. Charlestown Savings Bank, 149 Mass., 325; Martindale Conveyancing, sec. 108.

Both a valid judgment and execution must be produced in support of a sheriff's deed under execution sale, and the absence of either will render the sale void unless the former existence and loss be shown. No presumption can arise where the law requires a record of the fact, unless it is shown that the records are de-

stroyed.  McKay v. Paris Exchange Bank, 75 Texas 184; Holt v. Maverick, 5 Texas Civ. App., 654.

*Parker & Hefner,* for appellee.—The authority of the sheriff will be presumed to support the deed of R. B. Clark by sheriff to Mrs. Ella V. Haynes, since the judgment referred to as authority for the deed is produced and the papers in the cause, together with the execution docket, are shown to have been lost or destroyed. Tucker v. Murphy, 66 Texas, 356; House v. Brent, 69 Texas, 27; Ruby v. Von Valkenberg, 72 Texas, 459.

The County Court judgment is sufficiently identified by the reference in the sheriff's deed as the authority and basis for the sheriff's sale and deed made in pursuance thereof.  Fitch v. Boyer, 51 Texas, 336; Ayers v. Duprey, 27 Texas, 593; Boggess v. Howard, 40 Texas, 159; Howard v. North, 5 Texas, 311; Holmes v. Buckner, 67 Texas, 110; Pope v. Davenport, 52 Texas, 220; Hough v. Hill, 47 Texas, 153.

There is but one rule of construction to govern descriptions in a deed in Texas whether such deed be executed by a sheriff under legal process, or by the grantor voluntarily, and under said construction the deed of R. B. Clark by sheriff to Ella V. Haynes conveyed 354 4-10 acres off of the east end of the tract of 554 4-10 acres lying in the Jos. Lane league in Jasper County, Texas, and conveyed to R. B. Clark by Abel Adam by deed dated January 10, 1854.  Aldridge v. Pardee, 24 Texas Civ. App., 258; Hermann v. Likens, 90 Texas, 448; Smith v. Crosby, 86 Texas, 15; Johnston v. McDonnell, 37 Texas, 607; Arambula v. Sullivan, 80 Texas, 619; Cartwright v. Trueblood, 90 Texas, 537; Roberts v. Helm, 1 Texas Civ. App., 102; Piper v. True, 36 Cal., 606; Huffman v. Eastham, 19 Texas Civ. App., 227; Ragsdale v. Robinson, 48 Texas, 398; Curdy v. Stafford, 88 Texas, 125.

REESE, Associate Justice.—Appellants, claiming title as the heirs of R. B. Clark, deceased, brought this suit in trespass to try title against appellee, to recover a tract of 321 acres of land in Jasper County, a part of the Joseph Lane league.  Upon trial before the court, without a jury, defendant had judgment and plaintiffs appeal.

R. B. Clark is common source of title.  Appellants claim as his heirs, and appellees claims under an execution sale and conveyance by virtue of a certain judgment in the County Court of Jasper County by favor of J. P. Haynes against said Clark.  It was agreed that whatever title was vested in the grantee in said sheriff's deed by virtue of said execution sale and conveyance thereunder is now held by appellee.  The sole issue then is the validity of the judgment, execution, and sale and conveyance thereunder, to pass the title of R. B. Clark.

The appellee, in support of its title, offered in evidence a deed by the sheriff of Jasper County to Mrs. Ella V. Haynes, dated November 16, 1870, and duly acknowledged and recorded.  To the introduction of this deed appellants objected on the grounds (1) that there was no judgment or execution offered in support of the

deed; and (2) the deed did not describe the land in controversy, but other land.

Upon these two points the controversy hinges. The deed recites that the sheriff executing it, by virtue of an execution to him directed from the District Court of Jasper County issued on the 23d day of August, 1870, in favor of J. P. Haynes against R. B. Clark for the sum of $142.60 with eight per cent. interest, with costs, upon a judgment in favor of said Haynes against R. B. Clark of date of February 8, 1870, had levied upon 354 4-10 acres of land "pointed out to him by R. B. Clark, defendant, as his own property" and a part of the headright league of Joseph Lane, in the County of Jasper, following with a description of the land sold, to which further reference will hereafter be made.

In support of the deed appellee offered in evidence a judgment of the County Court of Jasper County in the case of J. P. Haynes v. R. B. Clark for $142.60, dated February 8, 1870, and bearing interest at ten per cent. per annum.

It will be noticed that the judgment offered in evidence was in the County Court, while the sheriff's deed recites an execution issued out of the District Court, and that the judgment provides for ten per cent. interest while the deed recites that the execution provided for interest at eight per cent. As to dates, amounts and parties, the judgment referred to in the deed and that offered in evidence are identical. It was shown that the papers in the case were lost or destroyed and that there was no County Court execution docket or execution to be found. It was further shown from the proper minutes of the District Court that there was no such judgment in that Court.

Upon this evidence the Court held that the recitals in the sheriff's deed as to the court out of which the execution issued and as to the rate of interest were clerical errors; that the sale was in fact made upon an execution issued on the County Court judgment, and in this we think there was no error, especially in view of other evidence, which will be hereafter referred to showing a recognition of, and acquiescence in the sale by Clark.

The land conveyed is thus described in the sheriff's deed: "Three hundred and fifty-four and four-tenths acres of land, the same being pointed out to me by the said R. B. Clark, defendant, as his own property and a part of the headright of the Joseph Lane league and being situate in the County and State aforesaid and described as follows, to wit, commencing at the northeast corner of said survey, and thence running west to a point sufficient by running thence south to the south boundary of said survey, by thence running east to the southeast corner of said survey from thence north to the place of beginning so the said survey shall contain three hundred and fifty-four and four-tenths acres of land . . . and for further description see the records of the County of Jasper."

The land sued for is described as follows: "321 acres out of a 555 4-10 acre tract in the N. E. Corner of the Joseph Lane headright league, which is also the N. E. Corner of the 555 4-10 acre

tract, sold to R. B. Clark by Abel Adams January 10, 1854. Thence west with the north line of said league 1535 varas to the N. E. corner of the old R. B. Clark homestead of 200 acres. Thence south with the east line of the said 200 acres, 1182 varas to the S. E. corner thereof on the south line of the 555 4-10 acre tract. Thence east with said south line to a point due south of the place of beginning, thence north to the place of beginning."

The appellants by their petition claim all of the land embraced in the sheriff's deed, as construed by appellee, except a small triangular piece embraced within lines beginning at the N. E. corner of the league and of the tract sold to Clark by Adams, thence due south to the south line of this tract, thence east to the east line of the tract, thence to the beginning. Their claim omits this portion of the Adams tract owned by Clark at the time of the levy.

It is appellee's contention that the call in the sheriff's deed for "the N. E. corner of said survey" referred to the N. E. corner of the 554 4-10 acre tract owned by Clark at the time of the levy, which corner was also the N. E. corner of the Lane league, and that the calls for the "south line of said survey" and the "S. E. corner of said survey" must also be referred to such line and corner of the survey or tract of 554 4-10 acres then owned by Clark, and which he bought of Adams.

Appellants' contention is that the words "said survey," where they occur in the sheriff's deed, must be taken to refer to the Joseph Lane league.

The result of appellee's contention would be to take the 354 4-10 acres sold and conveyed by the sheriff off of the east side of the 554 4-10 acres then owned by Clark, leaving him a homestead tract of 200 acres on the west side, on which, in fact, was his residence and homestead. Thus understood the land sued for would be included in the tract described in the sheriff's deed.

If the lines are run according to appellants' contention, that is, if the west line be run from the north line of the league to the south line, and thence to the S. E. corner of the league, and thence to the beginning, it could not be done so as to include less than 439 acres, a very small part of which would be upon the tract in the N. E. corner owned by Clark, even if such east line commenced at the N. E. corner of the league, instead of at some point west of that, as called for in the field notes of the sheriff's deed. This arises from the fact that the east line of the league runs N. 10 degrees W. from the S. E. corner instead of due north. If the west line of the tract be run from the north line of the league to its south line, parallel with the east line of the league so as to include the desired quantity, which was a material part of the description, a very small portion of the land included would be upon the tract owned by Clark. This would also involve a change in the direction of the west line from due south to S. 10 degrees E. Appellants' contention adheres to the direction of this line as given in the sheriff's deed, but ignores the call west from the beginning corner and begins this line at the beginning corner, making a triangle instead of a four sided tract,

which the sheriff's deed describes. The following rough sketch will more fully explain the contention of the parties:

Appellee introduced in evidence a deed from Abel Adams to R. B. Clark dated January 10, 1854, and duly recorded in the deed records of Jasper County, for a tract of 555 4-10 acres of land, out of the N. E. corner of the Joseph Lane league in Jasper County, as shown on the foregoing sketch. This deed was introduced in evidence in aid of the description in the sheriff's deed, and it was proven that the deed records of Jasper County showed no other deed to Clark than this one, and that he never at any time owned or claimed any land in the Joseph Lane league except this tract. It will be noted in this connection that the sheriff's deed refers to the deed records of Jasper County for further description of the land conveyed.

It was further shown that Clark paid taxes on this entire tract from the time he bought it until the date of the sheriff's deed for the 354 4-10 acres, and that after that date he rendered for taxation and paid the taxes only on the 200 acres off of the west side of the tract; which was that part on which was his homestead; until

1878 when he sold the 200 acres, after which he paid no taxes on any part of the tract bought of Adams, and that neither he nor his heirs, after the sheriff's sale, ever set up any claim to the land sued for until about the time of the institution of this suit, in 1905.

Upon all of the evidence the trial court found that the sheriff's deed conveyed the land sued for. The findings of fact leading up to this general conclusion are attacked by the several assignments of error.

The admission in evidence of the deed from Adams to Clark and the consideration thereof in aid of the description in the sheriff's deed is also assigned as error. The sheriff's deed referred to the deed records of Jasper County for better description of the land, and those records contained this single deed, to Clark. The court found, upon sufficient evidence, that this was the only land that Clark ever owned or claimed on the Joseph Lane league. The sheriff's deed recited that the land levied upon, sold and conveyed, was pointed out to him by Clark as his own property. If the terms "said survey" in the sheriff's deed be taken to refer to the land sold by Adams to Clark every call in the deed describing the land can be reconciled, including the call for quantity, and they harmonize with every recitation in the deed. It has been held that a general reference in a deed to the records of the county for description of land is insufficient. (Brown v. Chambers, 63 Texas, 135.)

The deed from Adams to Clark found in the deed records need only be considered in aid of the description, which is ambiguous when applied to subject matter of the sale, and taken in connection with the recital in the deed that the land was pointed out by Clark as his own property, with the evidence that this Adams tract was the only land owned or claimed by him in the Joseph Lane league and that the reference to the deed records must necessarily have been taken to refer to the Adams deed as the only deed on record to Clark, we think that the court did not err in admitting this deed in evidence, and in giving consideration to the same, in connection with the other evidence in determining the identity of the land sold. When we look to this deed in aid of the description all difficulty disappears. It becomes clear that by the terms "said survey" in the sheriff's deed is meant this 554 4-10 acre tract owned by Clark, 200 acres of which embracing his homestead was cut off and the balance sold. It becomes clear that this was the land pointed out by Clark to the sheriff as his own property, and not a long narrow strip across the east side of the league more than three-fourths of which Clark never owned or claimed, and certainly not the triangular tract extending from the N. E. corner of the league to the south line which appellants insist is the land really sold. The evidence leaves no doubt whatever that Clark pointed out to be sold the land sued for and that it was so understood by everybody concerned, including all intending bidders at the sale. The subsequent conduct of the parties interested lends emphasis to this view.

Referring to the assignment of error in the admission of the testimony of Kellie it is sufficient to say that the evidence adds nothing to the weight and sufficiency of other evidence introduced and

as the case was tried by the court without a jury, could not have prejudiced appellants.

We are of the opinion that none of the assignments present material error and the judgment is affirmed.

*Affirmed.*